In re TRANSIT HOMES, INC., Debtor.

TRANSIT HOMES, INC., Plaintiff,

v.

SOUTH CAROLINA NATIONAL
BANK, Defendant.

Bankruptcy No. 83–00151.
Complaint No. 85–0016.

United States Bankruptcy Court,
D. South Carolina.

Sept. 16, 1985.

Andrew J. White, Jr., Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S.C., for plaintiff/debtor.

Stan McGuffin, Asst. Gen. Counsel, South Carolina Nat. Bank, Columbia, S.C., for defendant.

J. BRATTON DAVIS, Bankruptcy Judge.

The parties have consented to the court's adjudicating this adversary proceeding upon stipulated facts and legal memoranda submitted by the parties.

The debtor, Transit Homes, Inc. (Transit), alleges that it made two payments, totaling $3,542.74, to the defendant, South Carolina National Bank (SCN), which are preferences under 11 U.S.C. § 547. The defendant denies that these payments are preferences because the debtor was not

insolvent on the date the payments were made.

## ISSUES

The issues, as agreed by the parties, are: (1) was the debtor insolvent when the alleged preference payments were made; and (2) were the payments recoverable preferences under § 547.

### I

With respect to the insolvency issue, SCN contends that the debtor's original schedules (filed in this Chapter 11 case) listed the debtor's total assets as $845,322.25 and its total liabilities as $841,701.83 (both secured and unsecured debt). The debtor concedes that its schedules are the only evidence before this court concerning the assets and liabilities of the debtor as of the date on which the alleged preference payments were made.

■ The debtor has the burden of proving each element of a preference. 11 U.S.C. § 1147(g). However, the debtor is presumed to have been insolvent on and during the ninety days immediately preceding the date of the filing of the petition for relief. 11 U.S.C. § 547(f). The legal effect of this presumption is to require the creditor to produce some evidence of the debtor's solvency during the ninety day period. If such evidence is presented, the presumption is rebutted, the proponent then has the burden of proving its insolvency as an element of this case. *In re Economy Milling Company, Inc.*, 37 B.R. 914 (Bankr.D.S.C. 1983).

■ The exhibit, upon which SCN rests its position lists the debtor's total assets at $845,322.25, and its total liabilities, *excluding contingent or unliquidated claims*, as $841,701.83. The debtor's schedules, in other places, show the total assets as $844,322.25 [1] and the total liabilities as $976,459.43. The $841,701.83 does not include contingent or unliquidated liabilities. When these liabilities are included, the debtor's total liabilities are $976,459.43. As can be seen from the debtor's schedules, there are numerous unliquidated claims made against the debtor for damages to customers' cargos. The dollar amount of these claims is substantial. Even though these claims are insured, the insurer has a $7,500 deductible amount on each claim, and these deductible amounts, when added to the liquidated, non-contingent claims, exceed the stated value of the debtor's assets.

The debtor's schedules provide evidence to support the statutory presumption that the debtor was insolvent when it made the transfers to the defendant. Therefore, this court rules that the two payments are presumed to have been made while the debtor was insolvent and that SCN has failed to rebut this presumption.

### II

The payments are avoidable preferences under 11 U.S.C. § 547(b). The parties have stipulated that the payments were made to or for the benefit of the defendant. The parties have admitted that the payments were made for or on account of an antecedent debt owed by the debtor before the transfers were made, and that payments were made within ninety days of the debtor's filing the Chapter 11 petition for relief. As held above, the debtor was insolvent when the payments were made.

■ The payments enabled SCN to obtain more than it would receive if this were a Chapter 7 case and the transfers had not been made. 11 U.S.C. § 547(b)(5). The preponderance of the evidence indicates that SCN, as an unsecured creditor, would not receive a 100% payment of its claim if this were a Chapter 7 case. The debtor's financial statement for March 1985, shows funds of $375,604.18 in its bank accounts. Claims against the debtor total over one million dollars. Even if the debtor were to recover the liquidated and unliquidated

---

1. It appears that an error of arithmetic exists in the exhibit inasmuch as there is $1,000 asset value difference between the asset valuation in the exhibit and the summary of assets in Schedule B to the petition. However, this arithmetical error is irrelevant to the ruling of this case.

claims, it is unlikely that the estate, after payment of administrative costs, priority items, and secured creditors would be sufficient to satisfy in full the claims of unsecured creditors. Accordingly, this court finds that SCN, in receiving the payments, obtained more than it would receive in a distribution if this were a case under Chapter 7.

### ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that Transit Homes, Inc. have judgment against South Carolina National Bank in the amount of $3,542.74 with interest thereon at the legal state rate computed from the date each payment was made by the debtor to the defendant.

